E. P. SHEPHERD v. ARABELLA SHEPHERD.

No. 69.

1. DIVORCE—*Incompetent Witnesses.* Husband and wife are incompetent to testify for or against each other in an action for divorce or for alimony.

2. ——— *Invalid Statute.* Section 6 of chapter 116 of the Session Laws of 1871, being paragraph 4765 of the General Statutes of 1889, is in conflict with section 16 of article 2 of the constitution of Kansas.

MEMORANDUM.—Error from Ford district court; A. J. ABBOTT, judge. Action by Arabella Shepherd against E. P. Shepherd for alimony and the custody of children. Judgment for plaintiff. Defendant brings the case to this court. Affirmed. The opinion herein, filed July 20, 1896, states the material facts.

*F. Dumont Smith*, and *W. N. Beezley*, for plaintiff in error.

*B. F. Milton*, for defendant in error.

The opinion of the court was delivered by

DENNISON, J. : This action was brought in the district court of Edwards county, Kansas, and taken on a change of venue to Ford county. The plaintiff below, Arabella Shepherd, filed her petition in said action alleging the marriage of the plaintiff and defendant, E. P. Shepherd, the birth of three children to them, and various grounds for the relief prayed for, and asked for alimony and the custody of the children. The answer was a general denial of the allegations of the petition except such as were specifically admitted, and set up various other defenses. At the trial the court found for the plaintiff, granted her the custody of the children and ordered the defendant to pay her the sum of $300 per annum as alimony and

the costs of the action. Judgment was rendered accordingly, and the defendant below brings the case here for review.

In the determination of the errors complained of in this case there is but one question involved. At the trial of the case in the court below, the defendant in error introduced her testimony and rested. The defendant below then offered himself as a witness, and the counsel for the plaintiff objected to said witness testifying. The ground for the objection is that he is incompetent to testify against said plaintiff by reason of being her husband. Said objection was by the court sustained. The only question for our consideration is, Did the court err in sustaining the objection? or, in other words, Are husband and wife competent to testify for or against each other in an action for alimony? By the common law, no person was permitted to testify in an action in which he was a party or otherwise interested. Nor were husband and wife permitted to testify for or against each other. The common-law rule has been to some extent changed by statute in this state. Paragraph 4414, of the General Statutes of 1889, provides that "no person shall be disqualified as a witness in any civil action or proceeding by reason of his interest in the event of the same, as a party or otherwise. . . ."

Section paragraph 4418 *id.* provides:

"The following persons shall be incompetent to testify: . . . *Third.* Husband and wife, for or against each other, except concerning transactions in which one acted as the agent of the other, or when they are joint parties and have a joint interest in the action; but in no case shall either be permitted to testify concerning any communication made by one to the other during the marriage, whether called while that relation subsisted or afterward. . . ."

An examination of these two sections reveals the fact that, while parties in interest in most cases may testify, the rule governing the testimony of husband and wife remains largely the same as it was at common law. The legislature in 1871 passed a law attempting to make an exception in actions for divorce, which would probably apply also in actions for alimony. The law which it passed for this purpose is section 6 of chapter 116 of the Laws of 1871, being paragraph 4765 of the General Statutes of 1889, which reads as follows:

"In any action for a divorce hereafter tried, the parties thereto, or either of them, shall be competent to testify in like manner, and respecting any fact necessary or proper to be proven, as parties to other civil actions are allowed to testify."

The validity of this section is questioned by the defendant in error, as being in conflict with section 16 of article 2 of the constitution of Kansas, which reads as follows:

"No bill shall contain more than one subject, which shall be clearly expressed in its title, and no law shall be revived or amended unless the new act contain the entire act revived or the section or sections amended, and the section or sections so amended shall be repealed."

The title to chapter 116 of the Laws of 1871 reads as follows: "An act to amend certain sections of chapter 80 of the General Statutes of 1868." By reference to the Laws of 1871, the following words will be found contained in brackets, "relating to civil actions and to trials and evidence and." The secretary of state, in his certificate of authentication, certifies that these acts are true and correct copies of the enrolled laws for that year, with the exception of the clerical errors appearing inclosed in brackets. W

must therefore conclude that the words inclosed in brackets were omitted from the title of the enrolled bill. The secretary of state certifies that they are omitted and that it was a clerical error. This is the evidence upon which we must act in deciding this question in this action.

The court, however, in order to satisfy itself upon the subject, has-made an examination of the enrolled bill which is on file in the office of the secretary of state, and it finds that the title to the act reads, "An act to amend certain sections of chapter 80 of the General Statutes of 1868," and interlined after the word "act," written in lead-pencil in an ordinary hand, not at all similar to the enrolled hand, are the words, "relating to civil actions and to trial and evidence and," making it clearly apparent that the secretary of state had been indulging in the pastime of creating such a title as he thought would be a good title to the act in question. Sections 1, 2, 3, 4 and 5 of said chapter 116 amend sections 653, 654, 313, 314 and 315 of chapter 80 of the General Statutes of 1868. Then follows section 6, which does not purport to amend any section of the laws then in force, but does attempt to create a new law. We are reluctantly compelled to hold that the title to this act is not broad enough to cover the subject attempted to be enacted by said section 6. The title only covers the amending of certain sections of chapter 80 already in existence, but it does not attempt to cover any new enactment, and while the subject-matter of section 6 might have been an amendment to paragraph 4418, it could not be so amended unless it should contain the entire section as amended. The counsel for the plaintiff in error in his brief argues this question upon the theory

that the status of parties, custody of children and valuable property rights have been adjudicated and settled during the past 25 years upon evidence authorized by said section 6, and that this court should not now declare this section invalid, for the reason that such rights will be disturbed thereby, and cites several Kansas decisions to show that our supreme court has been loth to disturb the rights of persons and property by declaring a law invalid which has been in operation for a considerable length of time.

The results pointed out by counsel cannot follow from a decision declaring this law invalid, for the reason that it relates to the competency of evidence of which no advantage can be taken except by saving an exception to each particular case and having a review thereof. No rights of property or persons already adjudicated and settled can be changed or disturbed. The only cases which will be disturbed by this ruling will be those in which this question will arise hereafter. We think the law should be that a husband or wife should be permitted to testify in all actions for a divorce or for alimony, or for both, but it is the province of the legislature and not of this court to create the law.

We are asked to reverse this case because the amount of alimony granted by the judge of the district court is too large. None of the evidence offered in the court below appears in the record; hence, we are unable to say whether the amount is too large or not.

No error appearing in the record, the judgment of the district court is affirmed.

JOHNSON, P. J., concurring.

COLE, J., dissenting.

COLE, J. : Being unable to agree with the majority of the court in the conclusions which have been arrived at in this case, I consider it proper to state my reasons for dissenting. There is some doubt in my mind as to the legality of the act in question, although it appears to me that the secretary of state has exceeded his authority in the certificate made by him. The law makes it his duty to certify that the printed copy is a true copy of the act as passed, and does not confer on him authority to pass upon the question as to whether a portion of the title may be a clerical error or not. We must assume in this case that the portion of the title which relates to the section in question formed a part of the original act when it was placed in the hands of the secretary of state, because, if it were added after that time, it would not be a clerical error, but a clear forgery. Every presumption should be in favor of the legality of the act, and that the act as presented to the secretary of state to be filed in his office was the same as it was passed by the legislature, and, in this case, while the original bill shows that a portion of the title relating to the section in question was written in a different handwriting and above the other portion of the title, I believe the presumption should be that the title as it now appears was the original one, and that the correction was made by one having authority. A stronger objection, to my mind, is the fact that the title as it now reads may be said to cover two subjects, but they are so germane to each other that it would seem the act should be sustained. But I do not base my dissent wholly upon the legality of the statute in question. If that statute had never been passed, it is still my view that, in an action of this character, a husband or

wife should be permitted to testify. Without that stat-
ute the common-law rule would prevail, and it is true
that under the common-law rule parties might not
testify in a case, nor husband and wife for or against
each other; yet there were many exceptions to the
rule, and I believe a case like the one at bar forms
one of such exceptions. Originally divorces were
granted by parliament, and the rule was made at a
time when the question of evidence as between a hus-
band and wife in a case of this character did not arise.
At that time, however, in an action brought either
against a husband or wife for injuries inflicted by one
upon the other, where it was impossible to show the
commission of the offense by any other evidence than
that of the injured party, such testimony was admis-
sible, and this exception was based upon the same
ground as all others which came to exist with regard
to the laws of evidence of this character, viz., that,
without the admission of such testimony, there would
be a failure of justice such as the law could not permit.
This same exception had been frequently urged and
adopted by the courts of England and of various states
prior to the passage of any act to permit parties to an
action, or husband and wife, to testify. The class of evi-
dence necessary to sustain an action for alimony alone
is the same as that necessary to sustain an action for
divorce, and the same reasons exist why an excep-
tion should be allowed in a case of that character.
In most cases brought by husband or wife for divorce
or for alimony justice would fail if the strict letter of
the statute should be applied, for the reason that the
facts which would permit a recovery are in most cases
peculiarily within the knowledge of the interested
parties alone.

For the reasons above stated, I am of the opinion :

First, that the statute in question should be held good; and second, that the testimony offered by the defendant in this case should have been admitted, even although the act permitting husband and wife to testify should be held not good. (Greenl. Ev., 14th ed., §§ 343 to 353, inclusive, and cases cited in notes thereto.)